UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RONALD GOLDBERG, Defendant. | 4:11-CR-40111-KES ORDER |

An ex parte hearing on Mike Butler's motion to withdraw as attorney for defendant, Ronald Goldberg, was held on Monday, September 28, 2015. Goldberg appeared in person and by his counsel of record. The motion to withdraw was granted orally at the hearing. Goldberg now moves the court to appoint new counsel and to dismiss the third superseding indictment.

In regards to a motion to appoint new counsel, the court must balance several factors: the need to ensure effective representation, the need to thwart abusive delay tactics, and the reality that a person accused of a crime is often unhappy with counsel who is providing effective representation. *United States v. Baisden*, 713 F.3d 450, 454 (8th Cir. 2013). But in situations where a defendant is abusive to his attorney, the defendant "may forfeit his right to counsel." *United States v. Thompson*, 335 F.3d 782, 785 (8th Cir. 2003).

Over nearly four years, the court has consistently endeavored to ensure that Goldberg receives effective representation. In addition to Goldberg's four

privately retained attorneys, who all withdrew citing conflicts with Goldberg, the court appointed the Federal Public Defender's Office and three CJA attorneys to represent Goldberg. Three of the court appointed attorneys moved to withdraw after Goldberg filed disciplinary complaints against them with the State Bar Association. All these attorneys are highly skilled members of the CJA panel, who are frequently appointed by the court in the most difficult cases. The court finds that these tactics were abusive and that Goldberg employed these tactics to delay facing trial. As such, Goldberg forfeited his right to court appointed counsel.

    Goldberg moves to dismiss the third superseding indictment because he received ineffective assistance of counsel. An ineffective assistance of counsel claim has not been recognized as grounds for dismissal of an indictment "absent demonstrable prejudice, or substantial threat thereof." *United States v. Morrison*, 449 U.S. 361, 365 (1981). Goldberg has made no showing of prejudice. And because the case has not yet proceeded to trial, it is doubtful he could make a showing of prejudice. Therefore, the motion to dismiss for ineffective assistance of counsel is denied.

    Goldberg also alleges the third superseding indictment should be dismissed because of denial of access to the courts. Multiple trial dates have been scheduled by the court while this matter has been pending. Because of Goldberg's abusive tactics toward his attorneys, the trial dates have been continued so new a new attorney could adequately prepare for trial. Goldberg should not benefit from his own abusive tactics. Goldberg has never been

denied access to the courts. Therefore, Goldberg's motion to dismiss because of denial of access to the courts is denied.

Goldberg also moves to dismiss the third superseding indictment because of a denial of access to the law library. Goldberg has made no showing of prejudice, which is necessary to succeed on such a claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Therefore, the motion to dismiss for denial of access to the law library is denied.

Goldberg moves to dismiss the third superseding indictment because of the failure to obtain medical assistance. Such a claim is not grounds for dismissal of an indictment. If Goldberg has grounds for the claim, he needs to file a complaint under 18 U.S.C. § 1983. Therefore, the motion to dismiss for failure to obtain medical assistance is also denied. Accordingly, it is

ORDERED that Goldberg's motion to appoint new counsel and motion to dismiss (docket 175) are denied.

IT IS FURTHER ORDERED that Jason Tupman, of the Federal Public Defender's Office, is appointed as standby counsel to assist Goldberg if requested. Additionally, the Federal Public Defender's office will coordinate with the U.S. Attorney's office and the jail to give Goldberg access to discovery.

DATED this 30th day of September, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE