UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RONALD GOLDBERG, Defendant. | 4:11-CR-40111-KES ORDER |

Defendant, Ronald Goldberg, filed five motions with the court. Goldberg first moves the court to unseal a previously filed motion to dismiss the indictment. Docket 180. Second, Goldberg moves the court to compel attorney Michael Butler to deliver defense related work product and discovery material to Goldberg. Docket 181. Third, Goldberg moves the court for "access to the court or to dismiss indictment." Docket 182. Fourth, Goldberg moves the court to appoint counsel to represent Goldberg at trial. Docket 188. Last, Goldberg moves the court to remove Jason Tupman, of the Federal Public Defender's Office, as standby counsel. Docket 196. The court will review each motion in turn.

In support of Goldberg's motion to unseal a motion to dismiss filed with the court on September 23, 2015, Goldberg states that the motion is "unopened." Goldberg misinterprets the meaning of "sealed." The motion to dismiss indictment, and accompanying documents, were sealed pursuant to

Local Rule 47.1(B).  Even though the motion is sealed in order to protect the sensitive information enclosed, the court has fully examined its content.  Because Goldberg has offered no justification to unseal the documents, the motion is denied.

In his second motion, Goldberg moves the court to compel his former attorney, Mr. Butler, to provide Goldberg with discovery and defense related material. Docket 181.  In a previous order, dated September 30, 2015, the court instructed the United States Attorney's Office and the Federal Public Defender's Office to provide Goldberg with access to discovery materials. Docket 184.  Because Goldberg will soon have access to discovery material, the court denies the motion as moot.

Goldberg next moves the court for "access to the court or to dismiss indictment." Docket 182. In this motion, Goldberg seeks discovery material as well as access to experts, consultants, investigators, and others necessary to assist Goldberg in preparation for trial. *Id.*  In an ex parte order, dated October 1, 2015, the United States Court of Appeals for the Eighth Circuit appointed an investigator to aid Goldberg with trial preparation. Docket 194. Additionally, as mentioned above, the court previously instructed the U.S. Attorney's Office and the Federal Public Defender's Office to provide Goldberg with access to discovery material.  As such, the court denies Goldberg's motion as moot.

In his fourth motion, Goldberg moves the court to appoint trial counsel. Docket 188.  In the order dated September 30, 2015, the court denied Goldberg's previous motion to appoint new counsel. Docket 184.  As detailed in

the order, Goldberg has forfeited his right to trial counsel because of the abusive conduct exhibited toward his attorneys in this case. Because this issue has previously been adjudicated, the court denies the motion.

Finally, Goldberg moves the court to remove standby counsel. Docket 196. In support of this motion, Goldberg asserts that Mr. Tupman has a conflict of interest based on a prior withdrawal from representing Goldberg. Goldberg's assertion, however, is contrary to the Eighth Circuit Court of Appeals decision in *Ausler v. United States*, 545 F.3d 1101 (8th Cir. 2008). In *Ausler*, the defendant argued on appeal that the district court failed to provide "conflict free counsel." *Id.* at 1102. The alleged conflict stemmed from a complaint asserted by the defendant in a pretrial hearing that trial counsel violated a copyright by using the defendant's name in the courtroom. *Id.* at 1103. Despite this allegation, the defendant's trial counsel eventually volunteered to serve as standby counsel to the *pro se* defendant. *Id.*

The Eighth Circuit rejected any alleged conflict in *Ausler* because the defendant' complaint was frivolous on its face. *Id.* at 104. Additionally, the court held that the defendant failed to show that the alleged "conflict of interest actually affected the adequacy of [counsel's] performance." *Id.* Here, like in *Ausler*, Goldberg's prior complaint asserted against Mr. Tupman was dismissed as frivolous. Further, Mr. Tupman volunteered to serve as standby counsel at trial, which mitigates any concern that a conflict of interest exists in this case. As such, Goldberg's motion to remove Mr. Tupman as standby counsel is denied.

The court also warns Goldberg, that if he engages in further abusive conduct towards his standby counsel, the court may decide that Goldberg has forfeited any right to standby counsel as well.  Accordingly, it is

ORDERED that the following motions are denied: motion to unseal "unopened" documents (Docket 180), motion to compel discovery material (Docket 181), motion for access to the court or to dismiss indictment (Docket 182), motion to appoint trial counsel (Docket 188), and motion to remove standby counsel (Docket 196).

DATED this 6th day of October, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE